### S. F. THOMPSON, ET AL., *v.* J. B. CALLINGS.

[Abstract Kentucky Law Reporter, Vol. 1—402.]

**Levy of Attachment—Lien.**

> When an attachment has been placed in the hands of the officer, and is levied, the attachment lien was perfected and it relates back to the time when the attachment came to the officer's hands.

APPEAL FROM SPENCER CIRCUIT COURT.

November 6, 1880.

OPINION BY JUDGE COFER:

The acts set up in the original petition, and those relied upon in the amended petition, it seems to us, constitute distinct causes of action. The act which was relied upon in the original petition as within the statute was the payment of money to the bank, while the act relied upon in the amended petition was the delivery of wheat to J. A. Vesch and James Tucker to indemnify them as sureties to the bank. They were the persons preferred, according to the facts as finally developed, while the bank was the creditor preferred according to the facts alleged in the original petition. The preference to them operated incidentally to prefer the bank, but it is evident the

main purpose was to prefer J. A. Vesch and James Tucker, and not the bank, which we are authorized to assume was already secured. The amended petition was not filed until more than six months after the delivery of the wheat, and therefore came too late.

The payment to the bank was made after appellants' attachment had been placed in the hands of the officer, and when levied the lien was perfected and related back to the time when the attachments came to the officer's hands.

Wherefore the judgment is *reversed* and cause remanded with directions to pay the appellants in full before distributing to other creditors any part of the proceeds of the attached property.

*Caldwell & Harwood, for appellants.*
*Bullock & Beckham, for appellee.*